STATE OF VERMONT

| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 116-8-17 Vtec |
|---|---|
| Dupont ZBA Appeal | DECISION ON THE MERITS |

Carl Dupont filed an application with the Town of Middlesex for approval to place a single-family home on a triangular shaped non-conforming lot he owns located on the northwest side of the Middlesex Center Road in Middlesex, Vermont. Both the Middlesex Zoning Administrator and the Zoning Board of Adjustment (ZBA) denied the request. The ZBA concluded that Mr. Dupont's application does not qualify for a variance from the minimum lot size for the zoning district.

The Court held a trial on Friday, February 2, 2018. At the parties' direction, the Court did not conduct a site visit. The trial was held at the Vermont Superior Court, Washington County Civil Division, in Montpelier, Vermont. Carl Dupont and his lawyer, Neal D. Ferenc, Esq., appeared at the trial. The Town's lawyer, Ronald A. Shems, Esq., was also present at the trial. James W. Colby was afforded interested party status in the pre-trial stages of this matter. Although Mr. Colby participated in pre-trial status conferences, he did not attend trial.

Based upon the evidence presented at trial, the Court renders the following Findings of Fact and Conclusions of Law.

**Findings of Fact**

1.      Carl Dupont seeks approval to place a single-family home on a triangular shaped non-conforming lot he owns located on the northwest side of the Middlesex Center Road in the "Mixed Use District."

2.      The lot does not meet the minimum lot size of two acres required by the Middlesex Zoning Ordinance (Regulations).

3.      Mr. Dupont acquired the lot on April 15, 2010.

4.      When Mr. Dupont bought the land, there was an existing mobile home on the lot which had deteriorated to the point where it was no longer useable as a residence.

5.      After buying the lot, Mr. Dupont removed the home and cleared the lot of all residual debris.

6. On May 8, 2017, Mr. Dupont applied for a zoning permit to place a single-family mobile home on the lot, which was denied by the Zoning Administrator on June 7, 2017.

7. The administrative officer determined Mr. Dupont did not attempt to place another mobile home on the lot within one year of removing the old one, so he lost his ability to do so under the zoning regulations for that district.

8. Mr. Dupont then appealed the decision to the ZBA which affirmed the administrative officer's denial. The ZBA concluded that the lot did not qualify for a variance from minimum lot size. Mr. Dupont appealed this determination to the Environmental Division.

9. The State of Vermont acquired lands in 1957 in fee simple for limited access facilities relative to the design and construction of Interstate 89 necessitating the relocation of the Middlesex Center Road.

10. Following this acquisition, construction of present day Middlesex Center Road was complete in 1960.

11. At the time of the construction of Middlesex Center Road, Donald E. Morse, Sr. and Lucille L. Morse owned the subject property, which was then part of a larger lot.

12. The construction of Middlesex Center Road created the subject lot by severing approximately one acre of land located immediately adjacent to the north west side of Middlesex Center Road from the remaining Morse lot.

13. The Morses conveyed the one-acre subject lot to Richard Atwood in 1994.

14. Mr. Atwood also owned additional land on the south east side of Middlesex Center Road.

15. Mr. Dupont acquired the subject lot on April 15, 2010 from the Estate of Richard Atwood.

## Conclusions of Law

Whether Mr. Dupont is entitled to an exemption from the Town's minimum lot size requirements, and therefore whether Mr. Dupont may place a residence on the lot, depends on the application of the Town's Regulations.

Section 3.4(A) of the Regulations provides an exemption from minimum lot size requirements and permits the development of any lot that was in "individual and separate and non-affiliated ownership from surrounding properties lawfully in existence on the effective date of these regulations. . . ."[1] Thus, only properties that are in "individual and separate and non-

---

[1] This language reflects that found in 24 V.S.A. § 4412(2), which is the current version of 24 V.S.A. § 4406(1), cited in several cases decided under a prior version of the statute.

affiliated ownership" when the applicable zoning regulations took effect may be exempt from the minimum lot size requirements.  In re Richards, 2005 VT 23, ¶ 8, 178 Vt. 478 (mem.).

The central question in this appeal is when the subject lot was created.  Appellant offered the testimony of Kris Jurentkuff of Chase & Chase Surveyors who testified that the subject parcel was created between 1957 and 1960 when the State of Vermont acquired lands in fee simple for limited access facilities relative to the design and construction of Interstate 89 necessitating the relocation of the Middlesex Center Road.  In support of his testimony Mr. Jurentkuff offered the following documents:

i)  Report of Hearing Relative to the Taking of Land and Rights of Other in The Town of Middlesex and the Amount of Compensation to be Paid Therefor, recorded in Book 95, pages 159-160 of the Middlesex Land Records -- *Appellant's* *Exhibit 5*;

ii)  Survey entitled "STATE OF VERMONT DEPARTMENT OF HIGHWAYS RELOCATED MIDDLESEX CENTER ROAD PLAN 8 PROFILE - STA.  9+00 To STA. 16+50," prepared by Boswell Engineering dated 12- 1957 -- *Appellant's* *Exhibit 6*;

iii)  Survey entitled "STATE OF VERMONT DEPARTMENT OF HIGHWAYS RELOCATED MIDDLESEX CENTER ROAD PLAN 8 PROFILE - STA.  16+50 To STA. 32+50," prepared by Boswell Engineering dated 12- 1957 -- *Appellant's* *Exhibit 7*;

iv)  Preliminary Survey entitled "Colby Farm Sketch, prepared by Chase & Chase Surveyors" dated 11/1/17 -- *Appellant's* *Exhibit 8*;

v)  Map 1: 3,907 Created Using Vermont Agency of Natural Resources Atlas -- *Appellant's* *Exhibit 9*.

This evidence shows that the State acquired in fee the land upon which Middlesex Center Road is located in 1957.  This acquisition, and the construction of the road, resulted in the creation of  the subject lot as a separate and distinct parcel by at least 1960 when construction concluded.  Thus, the subject parcel was created prior to the effective date of the Middlesex Land Use & Development Regulations.  As the subject lot has been held in individual, separate and non-affiliated ownership since prior to the effective date of the Regulations, the lot is exempt from the Regulations' minimum lots size requirements.  Mr. Dupont must establish compliance

with additional requirements of the Town's Regulations, one example being setbacks; however, the size of the lot does not prohibit development.[2]

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Electronically signed on February 06, 2018 at 08:09 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] We note that the subject lot does not require a 'variance' from the minimum lot size as the lot is exempt from this requirement.